UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHIKA E. UGBAJA,

    Plaintiff,

    v.

SLOAN D. GIBSON,

    Defendant.

_____/

No. C 14-3410 PJH

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Defendant's motion to dismiss came on for hearing before this court on December 3, 2014. Plaintiff Chika Ugbaja ("plaintiff") appeared in pro per. Defendant Robert A. McDonald[1] ("defendant") appeared through his counsel, Neill Tseng. Having read the papers filed in conjunction with the motion and carefully considered the arguments and relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion to dismiss, with leave to amend, for the reasons stated at the hearing.

Plaintiff asserts five causes of action in connection with her employment at the San Francisco Veterans Medical Center: (1) discrimination based on race/national origin, under Title VII; (2) discrimination based on gender/sex, under Title VII; (3) discrimination based on age, under Title VII; (4) retaliation, under Title VII; and (5) harassment/hostile work environment, under Title VII. Defendant moves to dismiss the second, third, fourth, and fifth causes of action (but not the first cause of action) for failure to state a claim.

---

[1] At the time of the complaint's filing, Sloan Gibson was the Acting Secretary of Veterans Affairs. Subsequently, Mr. McDonald was sworn in as the Secretary. In the motion to dismiss, defendant correctly points out that Federal Rule of Civil Procedure 25(d) provides for automatic substitution when a successor is sworn into office. Thus, the court shall treat Secretary McDonald as the current defendant in this case, and plaintiff's amended complaint shall list his name in the case caption.

1.     Discrimination based on gender/sex (second cause of action)

Title VII makes it "an unlawful employment practice for an employer" to "discriminate against any individual with respect to" the "terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). A disparate treatment claim must be supported by direct evidence of discrimination, or may instead be evaluated under the burden-of-proof-and production analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See, e.g., Hawn v. Executive Jet Management, Inc., 615 F.3d 1151, 1155 (9th Cir. 2010) (applying McDonnell Douglas framework to Title VII discrimination claim).

To establish a prima facie case of discrimination based on gender/sex, plaintiff must show that she is a member of a protected class; that she was qualified for her position or was performing satisfactorily; that she experienced an adverse employment action; and that similarly situated individuals outside her protected class were treated more favorably, or that some other circumstances surrounding the adverse employment action give rise to an inference of discrimination. See McDonnell Douglas, 411 U.S. at 802; Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 847 (9th Cir. 2004); see also Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

As discussed at the hearing, plaintiff's second cause of action appears to rely on a single comment made by a Mr. Ed Krimmer in 2004. This comment does not establish a prima facie case of gender/sex discrimination (because, among other things, plaintiff does not allege that she experienced an adverse employment action), and thus, plaintiff's second cause of action is DISMISSED, with leave to amend.

2.     Discrimination based on age (third cause of action)

In its motion, defendant correctly points out that Title VII does not provide a cause of action for age discrimination. Plaintiff's opposition does not directly address this argument, and instead argues that she has a viable claim under the Age Discrimination in Employment Act ("ADEA").

Under the ADEA, it is unlawful for any employer to take an adverse action against an

employee "because of such individual's age." 29 U.S.C. § 623(a).  "[A] plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." Gross v. FBL Fin. Servs., 129 S.Ct. 2343, 2352 (2009).

Courts generally employ the McDonnell Douglas burden-shifting analysis in age discrimination cases.  See McDonnell Douglas, 411 U.S. at 802-04.  Accordingly, in the usual case, a prima facie case of age discrimination arises when the employee shows: (1) at the time of an alleged adverse employment action, the employee was 40 years of age or older; (2) an adverse action was taken against the employee; (3) at the time of the adverse action the employee was satisfactorily performing her job; and (4) some other circumstance suggesting a discriminatory motive was present.  See Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 355 (2000).

Because plaintiff's third cause of action is brought under Title VII, not the ADEA, it is DISMISSED with leave to amend, so that plaintiff may assert a claim under the ADEA.

3. Retaliation (fourth cause of action)

To make out a prima facie case of retaliation under Title VII, a plaintiff must establish that she engaged in a protected activity, such as the filing of a complaint alleging racial discrimination, that her employer subjected her to an adverse employment action, and that a causal link exists between the protected activity and the adverse action.  Freitag v. Ayers, 468 F.3d 528, 541 (9th Cir. 2006)

The McDonnell Douglas framework is also used to analyze claims of retaliation.  To prove a retaliation claim, a plaintiff must first establish a prima facie case by showing that she engaged in protected activity, such as opposing unlawful discrimination or making a charge of employment discrimination; that she was thereafter subjected to a materially adverse action; and that there was a causal connection between the adverse action and her protected activity.  See Surrell v. California Water Serv. Co., 518 F.3d 1097, 1107-08 (9th Cir. 2008) .

To establish causation, a plaintiff must show by a preponderance of the evidence

3

that engaging in the protected activity was one of the reasons for the adverse employment decision and that but for such activity the decision would not have been made. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064 (9th Cir. 2002). The causal link may be established by an inference derived from circumstantial evidence, "such as the employer's knowledge that the [plaintiff] engaged in protected activities and the proximity in time between the protected action and allegedly retaliatory employment decision." Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987). "[W]hen adverse employment decisions are taken within a reasonable period of time after complaints of discrimination have been made, retaliatory intent may be inferred." Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 507 (9th Cir. 2000).

Plaintiff's complaint does clearly allege a materially adverse action (having a suspension increased from five days to ten days), but does not clearly describe the protected activity or clearly allege a causal connection between the protected activity and the adverse action. Plaintiff's fourth cause of action is therefore DISMISSED with leave to amend.

4.  Harassment/hostile work environment (fifth cause of action)

Under Title VII, to prove that a hostile environment based on race existed, the plaintiff must show (1) that she was subjected to verbal or physical conduct because of her race; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003); see also Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993); Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995). Hostile work environment claims based on racial harassment are reviewed under the same standard as those based on sexual harassment. See Faragher v. Boca Raton, 524 U.S. 775, 786-87 & n.1 (1998).

To determine whether conduct was sufficiently severe or pervasive to violate Title VII, courts look at the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a

1 mere offensive utterance; and whether it unreasonably interferes with an employee's work
2 performance." Harris, 510 U.S. at 23 (1993).  In addition, "[t]he working environment must
3 both subjectively and objectively be perceived as abusive." Vasquez, 349 F.3d at 642
4 (quoting Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000)).

5       Subjectively, the evidence must show that the harassment is sufficiently severe or
6 pervasive to alter the conditions of the victim's employment and create an abusive working
7 environment. See McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1113 (9th Cir. 2004).  An
8 isolated comment will not suffice, but neither is psychological injury required. Id. (citing
9 Harris, 510 U.S. at 22).  "It is enough 'if such hostile conduct pollutes the victim's
10 workplace, making it more difficult for her to do her job, to take pride in her work, and to
11 desire to stay on in her position.'" Id. (quoting Steiner v. Showboat Operating Co., 25 F.3d
12 1459, 1463 (9th Cir. 1994)).

13       Although plaintiff's complaint indicates that she intends to pursue a claim for
14 harassment/hostile work environment based on only race, she argues in her opposition
15 brief that she has "sufficiently established a claim of sex/gender harassment."  Because of
16 this lack of clarity, plaintiff's fifth cause of action is DISMISSED with leave to amend.  In her
17 amended complaint, plaintiff must make clear whether she asserts a claim for
18 harassment/hostile work environment based on race, based on sex/gender, or both.  If
19 plaintiff asserts a claim for both racial and sexual harassment, she must separately allege
20 each type of harassment in her amended complaint.

21       Plaintiff must also identify all of the alleged conduct under the heading of this cause
22 of action, to allow the court to assess whether she has alleged conduct that is "sufficiently
23 severe or pervasive to alter the conditions of her employment and create an abusive work
24 environment."

25       5.    Punitive damages

26      Finally, defendant moves to dismiss plaintiff's request for punitive damages, arguing
27 that Title VII expressly excludes government entities from punitive damages awards, and
28 plaintiff does not oppose the motion on this basis.  Accordingly, plaintiff's punitive damages

5

request is DISMISSED without leave to amend.

As stated at the hearing, plaintiff's amended complaint must be filed no later than **December 31, 2014**. Defendant shall have 21 days thereafter to answer or otherwise respond to the complaint. No new claims or parties may be added without leave of court or the agreement of all parties.

**IT IS SO ORDERED.**

Dated: December 8, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge